Case No: _____   Inmate Name: Stanger Josh
Date: 2-20-20   Inmate IDOC#: 60185
Document Title: Prisoners Civil Rights Complaint Request for Jury Trial
Total Pages: 7   Inmate Initials Verifying Page Count: JS
Document(s) ___ of ___

Josh Stanger # 60185
ISCI P.O. Box 14
Boise, Idaho 83707

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

JOSH STANGER                           )
    Plaintiff                          )
                                       )
                                       )   Case No. ----------------------
v.                                     )
                                       )
                                       )
SGT. WAY, C/O FLORES,                  )   PRISONERS CIVIL RIGHTS COMPLAINT
C/O PARKINS and SGT CROWL              )       REQUEST FOR JURY TRIAL
UNKNOWN AND UNNAMED                    )
INDIVIDUALS                            )
    Defendants                         )
_____)

1.                          INTRODUCTION
      This is a civil action that seeks monetary and punitive damages and injuntive re-
lief under 42 U.S.C. ß 1983 for the above named defendants use of excessive force and
denial of medical care in violation of the Eighth Amendment of the U.S. Constitution
as a result of the deliberate indifference of defendants, named above, who subjected
the plaintiff to excessive force that resulted in serious physical and mental injury
and to unjustly confine plaintiff to segregation without just cause in violation of the
Fourteenth Amendment of the U.S. Constitution.

2.                      JURISDICTION AND VENUE
     (A) Plaintiff brings this action pursuant to 42 U.S.C. ß 1983 and the Eighth and
Fourteenth Amendment of the U.S. Constitution. This court further has supplemental
jurisdiction over any state law tort claims raised under U.S.C ß1367.
     (B) Venue is appropriate in this district pursuant to 28 U.S.C. ß 1391(b).

PRISONERS CIVIL RIGHTS COMPLAINT                                              Pg. 1

## PARTIES

3. PLAINTIFF, Josh Stanger is an adult individual incarcerated at the Idaho State Correctional Institution, located at P.O. Box 14 Boise, Idaho. Plaintiff Stanger sues for injuctive relief and monetary and punitive damages on behalf of himself for the deliberate indifference of defendants by subjecting him to excessive force resulting in injury and delay/denial of medical care.

4. DEFENDANT, Sgt. Way is an correctional officer employed by the Idaho Department of Corrections and is being sued in his official and individual capacity and is named as a primary defendant in this action. Defendant Way is aware of the facts alleged in this civil action and has acted and continues to act under color of law, custom and policy with allowing, condoning or participating in excessive force against plaintiff and for failing to ensure that plaintiff received adequate medical care. For the purposes of this action his address is IDOC 1299 North Orchard St. Boise, Idaho 83706.

5. DEFENDANT, C/O Flores is a correctional officer employed by the Idaho Department of Corrections and is being sued in her official and individual capacity and is named as a primary defendant in this action. Defendant Flores is aware of the facts as alleged in this civil action and has acted and continues to act under color of law, custom and policy in allowing, condoning or participating in the excessive force against the plaintiff and for failing to ensure that plaintiff received adequate medical care. For the purposes of this action her address is IDOC 1299 North Orchard St Boise, Idaho 83707.

6. DEFENDANT, C/O Parkins is a correctional officer employed by the Idaho Department of Corrections and is being sued in her official and individual capacity and is named as a primary defendant in this action. Defendant Parkins is aware of the facts as alleged in this civil action and has acted and continues to act under color of law, custom and policy in allowing, condoning or participating in the excessive force against the plaintiff and for failing to ensure that plaintiff received adequate medical care. For the purposes of this action her address is IDOC 1299 North Orchard St. Boise, Idaho 83706.

PARTIES (continued)

7. DEFENDANT, Sgt. Crowl is a correctional officer employed by the Idaho Department of Corrections and is being sued in his official and individual capacity and is named as a primary defendant in this action. Defendant Crowl is aware of the facts as alleged in this civil action and has acted and continues to act under color of law, custom and policy in allowing, condoning or participating in the excessive force against the plaintiff and for failing to ensure that plaintiff received adequate medical care. For the purposes of this action his address is IDOC 1299 North Orchard Boise, Idaho 83706.

8.                  PROCEDURAL HISTORY AND FACTS OF THE CASE

Plaintiff is currently a state prisoner under the custody and care of the Idaho Department of Corrections. Plaintiff is inflicted with the chronic disease of Diabetes and for a substantial period of time is insulin dependant. An adverse affect of diabetes that plaintiff has had to deal with over the years is called "Hypoglycemia Reaction". This is defined as a condition when a diabetics blood glucose levels become extremely low that it triggers a reaction in the individual that leaves the person in a confused state where he is incoherent and can become combative with siezures. In essence the person can be confused as intoxicated or withdrawl. Any diabetic exhibiting these symptoms should have their CBG levels checked immediately. There is little doubt that a person having a Hypoglycemic Reaction should have medical care immediately as this is a serious medical problem.(Referencing PE Davis Sn, Shamoon H. Hypoglycemia in Diabetes and http://health.discovery.com/enc )

On June 15, 2019, plaintiff was residing in Unit 13 at ISCI. Unit 13 is considered a housing unit exclusively for offenders that work at Prison Correctional Industries. On the day mentioned the events that follow are a little hazy in plaintiffs recollection, but the reconstruction of events through witnesses that personally observed the incident are as follows:

Plaintiff was in the dayroom of D tier sitting at the kiosk machine. Accordingly staff called over the PA for offenders, including plaintiff to cell up for count. The plaintiff did not move. When plaintiff did not move Defendant Flores orderd plaintiff to come and talk to her, again plaintiff did not respond. At that point Flores called for back up assistance and Defendant Way and Defendant Parkins joined Defendant Flores in the dayroom and confronted plaintiff to comply, plaintiff did not acknowledge their

orders. Defendants then began to manhandle the plaintiff in an attempt to secure him in restraints where they became overly agressive hitting the plaintiff in the side with their fist and knees. The situation became hostile with defendants becoming more physical. Before defendants attacked plaintiff physically, three separate offenders yelled at staff that the plaintiff was crashing[F/N 1] from low sugar related to his diabetes and that he didn't know what he was doing. Defendant Flores replied back to the witnesses that, "it is not his blood sugar, I know when a diabetic has low blood sugar" Defendant neglected to listen to the witness and failed to heed the nature of the situation that they were dealing with a medical emergency/situation subdued the plaintiff and he was taken to segregation in Unit 8.

 In Unit 8 the physical abuse continued. Defendant Crowl took charge of the plaintiff once he was in unit 8. Defendant Crowl with Unit 8 staff forcibly put plaintiff down on the floor with one staff holding plaintiffs head down while another pinned his legs. At this point Defendant over exceeded his authority and began cutting plaintiffs pants, shirt and underwear off of him and then humiliated the plaintiff by physically spreading plaintiffs buttocks apart with his hands and inspected his anus. Plaintiff was then unchained and left standing in the cell naked, without supervision. Plaintiff used his hands to try and cover up his private area. Staff eventually brought plaintiff a disposable diaper/underwear to put on. The whole event left plaintiff traumatized as he suffers from PTSD due to being molested as a child and the episode he endured with defendants heightened his PTSD. Plaintiff to get medical help had to ask staff to get medical assistance for his low blood sugar. Medical response did show up and found the plaintiffs blood sugar dangerously low and administered glucose. At no time during the incident beginning in unit 13 to its continuation in unit 8 did any defendant take note of the fact that they were dealing with a medical emergency and that had medical been called in a timely fashion, as protocol mandates, and glucose administered, the entire set of events would not of taken place.

 The physical harm plaintiff sustained was substantial and unnecessay. Plaintiff was left with lasting scars on his ankles, as well as his wrist and further received permanent damage to his right shoulder that has required x-rays where he is now taking shots and physical thereapy. Defendants excessive force left his whole side black and blue for several weeks. This case lays the foundation where defendants acted maliciously and with malice to injure and humiliate the plaintiff simply because they were not

F/N 1   see Exhibit A

adequately trained to recognize a medical emergency when in fact they were dealing with one, even when they were specifically advised by witnesses as to what they were dealing with. Plaintiff spent a lenghth of time in segregation and was giving a Disciplinary Write Up for the incident. Of importance to this litigation is that once it became apparent to defendants through the medical staff that in fact plaintiff had been having a Hypoglycemia Reaction the Disciplinary Write Up was dismissed and plaintiff was let out segregation. Plaintiff contends that he has been subject to a terrible situation, through no fault of his own, of which could of been avoided if the defendants would have been trained to deal with medical situations or at the very least listened to the witnesses and not over reacted.

9.       CULPABILITY OF DEFENDANT WAYS, FLORES AND PARKINS

Convicted prisoners are protected from misuse of force by the Cruel and Unusual Punishments Clause of the Eighth Amendment. The Supreme Court has held that,"whenever prison officials stand accused of using excessive physical force in violation of the Eighth Amendment, the core judicial inquiry is ....whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically to cause harm". Further in certain cases like the plaintiffs, being placed in restraints without medical approval for a medical condition is prohibited by the due process clause of the constitution as a liberty interest to be free from bodily restraints.

Plaintiffs case before this court lays out a scenerio of agressive and overzealous defendants who choose to ignore witnesses telling them that plaintiff was in a diabeteic crash mode due to his low blood sugar and to call a medical emergency as mandated by IDOC policy and procedure. Plaintiff who for all practical purposes was incoherent at the time could not and did not not understand the commands given to him by defendants. Had medical emergency been called, plaintiffs situation would of become clear to defendants and the whole matter could of been defused with the glucose that could of been administered. Defendants Way, Flores and Parkins share an equal responsibility for the harm they have inflicted upon the plaintiff, therefore plaintiff seeks retribution for their conduct through this civil tort.

10.                CULPABILITY OF DEFENDANT CROWL

Upon plaintiff being transferred to Unit 8 was left in the hands of Defendant Crowl and Unit 8 staff. Although Defendants Way, Flores and Parkins were made aware that the plaintiff was most likely having a low sugar reaction, this was not conveyed to Defendant Crowl. Defendant Crowl therefore treated plaintiff as a hostile offender, even though plaintiff was not trying to be hostile with them, Defendant Crowl with his staff physically threw plaintiff to the floor in an excessive manner where plaintiffs head and legs were pinned down. In doing so plaintiffs wrist and leg chains were driven into his skin causing excruciating pain and lasting damage. Defendant Crowl began cutting plaintiffs clothes off him until he was completely naked and then physically with his hand spread plaintiffs butt checks apart seeming to inspect his anus. Plaintiff through this petition brings a serious question and concern as to whether Defendant Crowl's job description gives him the authority to debase and dehumanize the plaintiff in such a manner. Plaintiff knows of no other offender ever being subjected to such degradation.

Plaintiff reminds this court that only after he told Defendant Crowl and his staff that he needed medical attention did they finally contact medical. Plaintiff contends that it was unnecessary and unwarranted for Defendant Crowl to throw and pin him to the ground and cruel and unusual to have his clothes cut off and buttocks pysically spread apart.  The actions by Defendant Crowl were excessive and sadistic. Defendant Crowl must be held accountable for his conduct.

11.                PREVIOUS OR PENDING LAWSUITS

Plaintiff asserts that he has not presented any previous lawsuits containing the same subject matter as this complaint and does not have any pending civil action before this court.

12.                EXHAUSTION OF REMEDIES

Pertaining to this civil action plaintiff has completed the grievance/appeal process and has administratively exhausted this matter with defendant with the Idaho Department of Corrections.     See Exhibit B

13.             REQUEST FOR APPOINTMENT OF COUNSEL

Plaintiff requests an attorney be appointed to represent him in this case as the issues are to complex for plaintiff to proceed pro se.

14. CONCLUSION

Plaintiff specifically alleges in this complaint that defendants were not properly trained or they would of recognized a medical situation before them. A plaintiff may establish liability of a government entity, by demonstrating that the alleged constitutional violation was caused by the failure to train its employees adequately. citing **City of Canton, Ohio v. Harris 489 U.S. 378-91 (1989)**

Plaintiff has provided clear and convincing evidence that defendants were forewarned that plaintiff was in a "diabetic shock" but failed to act accordingly. What followed was the dehumanizing treatment of the plaintiff by the defendants of which through this civil action plaintiff seeks relief from this honorable court.

15. PRAYER FOR RELIEF

**Plaintiff respectfully requests that relief be ordered as follows:**

A. Plaintiff seeks injunctive relief for defendants to be adequately trained to recognize medical emergencies and treat them as such.

B. Plaintiff seeks monetary damages in the amount of 1.1 million dollars for all physical and mental harm caused by the defendants.

C. Plaintiff seeks for punitive damages in the amount of 1.1 million dollars for the violations of plaintiffs constitutional rights.

D. Any and all relief this court may deem appropriate under the conditions and findings in this case.

16. DECLARATION UNDER PENALTY OF PERJURY

I Josh Stanger declare and swear under penalty of perjury that the information contained in the foregoing is true and correct to the best of my knowledge.

Dated this 20 day of February, 2020

Josh Stanger
Plaintiff