UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOSH STANGER,<br><br>   Plaintiff,<br><br>v.<br><br>SGT. WAY, et al.,<br><br>   Defendants. | Case No. 1:20-cv-00088-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court is Plaintiff Josh Stanger's Motion to Appoint Counsel. Dkt. 34. Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).

Upon review, and for the reasons set forth below, the Court DENIES the Motion.

## II. BACKGROUND

The facts underlying this case are familiar to the parties, and there is no need to review them here. *See* Dkt. 29. Defendants filed a Second Motion for Summary Judgment (Dkt. 30) on October 12, 2021. Stanger's Response was due November 2, 2021. Instead of filing a response, however, Stanger filed the instant motion on October 27, 2021. In his

motion, Stanger asks that the Court appoint him counsel, claiming that the Court should grant his request because (1) he will be assigned to a magistrate judge if everyone agrees, (2) the case is possibly moving on to a jury trial, (3) he lacks knowledge of the legal system and struggles to understand the paperwork, and (4) he no longer has access to his "jail house lawyer." Dkt. 34-1, at 1–2. Defendants filed no response to Stanger's motion.

### III. DISCUSSION

Unlike criminal defendants, prisoners, and indigents in civil actions have no constitutional right to counsel unless their physical liberty is at stake, *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981), and whether a court appoints counsel for indigent litigants is within the court's discretion. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). So far, there is nothing exceptional about Stanger's case, and there are no issues of first impression. Frankly, given the undisputed evidence presented so far in the first motion for summary judgment, Stanger's remaining claim has little chance of surviving, with or without an attorney. *See* Dkt. 29.

Several of Stanger's reasons he would like an attorney are without merit. The deadline to consent to remain with a magistrate judge passed on August 25, 2020. At this stage of the proceedings, the instant case is not going to be transferred to a magistrate judge. There also is little chance of this case proceeding to a jury, given the undisputed evidence provided so far. The loss of a "jail house lawyer"[1] is also not sufficient cause for the Court

---

[1] Although Stanger does not explain this phrase, the Court assumes he is referring to another inmate, practicing law without a license, who assisted Stanger with his court filings. Stanger has no right to rely on such a person, and therefore the loss of his jailhouse lawyer is not a reason to grant a new attorney.

MEMORANDUM DECISION AND ORDER - 2

to appoint Stanger an attorney. While the Court appreciates Stanger's struggles to understand the legal system, such struggles are not exceptional circumstances that require a lawyer. Stanger's physical liberty is also not at stake in this situation. Accordingly, the Court DENIES Stanger's Motion to Appoint Counsel.

The deadline for Stanger's response to the Second Motion for Summary Judgment has already passed. It seems that Stanger offered this motion in lieu of a response and assumed that the response deadline was automatically stayed. In the interest of justice, the Court will give Stanger twenty-one (21) days from the issuance of this order to file his response with the Court.

## IV. ORDER

The Court HEREBY ORDERS:

1. Stanger's Motion to Appoint Counsel (Dkt. 34) is DENIED.

2. Stanger shall have twenty-one (21) days from the date of this order to file a Response to the Second Motion for Summary Judgment.

DATED: January 13, 2022

David C. Nye
Chief U.S. District Court Judge