UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOSH STANGER,<br><br>      Plaintiff,<br>v.<br><br>SGT. WAY, et al.,<br><br>      Defendants. | Case No. 1:20-cv-00088-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Pending before the Court are Idaho Department of Corrections ("IDOC") Defendants Sergeant Mark Way, Sergeant Brian Crowl, Officer Mayra Flores, and Officer Karla Perkins' (collectively the "Defendants") Second Motion for Summary Judgment (Dkt. 30) and Plaintiff Joshua Stanger's Motion for Judgment and for the Judge to Unseal or View Video Himself ("Stanger's Motion") (Dkt. 38).

Having reviewed the record and briefs, the Court finds that the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, the Court will decide the Motions without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).

Upon review, and for the reasons set forth below, the Court GRANTS the Defendants' Second Motion for Summary Judgment and GRANTS IN PART and DENIES IN PART Stanger's Motion.

## II. BACKGROUND

### A. Factual Background

The Court has already reviewed the undisputed facts of this case in its Memorandum Decision and Order on the first Motion for Summary Judgment, and hereby incorporates those facts into this decision. Dkt. 29, at 2–5. In their second Motion for Summary Judgment, the Defendants included a sealed video of the incident with Stanger (Dkt. 30-3), the Supplemental Declaration of Sergeant Mark Way (Dkt. 30-4), IDOC's Standard Operating Procedure for the Use of Force in Prisons and Community Reentry Centers (Dkt. 30-5), the Supplemental Declaration of Sergeant Brian Crowl (Dkt. 30-6), a Use of Force Individual Report filled out by Officer Napoles (Dkt. 30-7), an Information Report signed by Sergeant Crowl (Dkt. 30-10), a Declaration by Officer Flores (Dkt. 30-11), and a Declaration by Officer Perkins (Dkt. 30-12). The Defendants also filed a Use of Force Individual Report by Officer Johnson (Dkt. 30-8) and a Use of Force Individual Report by Officer Mendenhall (Dkt. 30-9), both of which had been previously filed in Dkt. 20-13. None of these filings—the video, reports, declarations, or procedures—are factually contested by Stanger.

> Idaho District Local Rule 7.1(e)(2) states:
>
> In motions brought under Federal Rule of Civil Procedure 56, if the non-moving party fails to timely file any response documents required to be filed, such failure will not be deemed a consent to the granting of said motion by the Court. However, *if a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact* as required by Federal Rule of Civil Procedure 56(c) or Local Rule 7.1(b)(1) or (c)(2), *the Court may consider the uncontested material facts as undisputed for purposes of consideration of the motion, and the Court may grant summary judgment* if the motion and supporting materials—including the facts

considered undisputed—show that the moving party is entitled to the granting of the motion.

Dist. Idaho Loc. Civ. R. 7.1(e)(2) (emphasis added). Because Stanger has failed to contest the facts proffered by the Defendants in their second Motion for Summary Judgment, the Court will consider all the above facts as undisputed, pursuant to Local Rule 7.1.

### B. Procedural Background

The Court has already granted summary judgment to the Defendants with respect to Stanger's Eighth Amendment claim for inadequate medical treatment. Dkt. 29, at 12. However, due to some confusion about which claims Stanger was proceeding on, the Defendants did not brief Stanger's Eighth Amendment claim for excessive force. *Id.* at 7. The Court granted the Defendants an extension of time to file a second Motion for Summary Judgment (*Id.* at 13), which they chose to do (Dkt. 30). The Second Motion for Summary Judgment is now ripe for the Court's review.

### III. LEGAL STANDARD

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court's role at summary judgment is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Zetwick v. Cnty. of Yolo*, 850 F.3d 436, 441 (9th Cir. 2017) (citation omitted). In considering a motion for summary judgment, the Court must "view[ ] the facts in the non-moving party's favor." *Id.* To defeat a motion for summary judgment, the respondent need only present evidence upon which "a reasonable juror drawing all inferences in favor of

the respondent could return a verdict in [his or her] favor." *Id.* (citation omitted). Accordingly, the Court must enter summary judgment if a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The respondent cannot simply rely on an unsworn affidavit or the pleadings to defeat a motion for summary judgment; rather the respondent must set forth the "specific facts," supported by evidence, with "reasonable particularity" that precludes summary judgment. *Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 997 (9th Cir. 2001).

## IV. DISCUSSION

In *Hudson v. McMillian*, the Supreme Court reviewed an inmate's excessive force claim under the Eighth Amendment. 503 U.S. 1, at 4 (1992). The Supreme Court divided its inquiry into two components: (1) a "subjective" inquiry into whether prison staff acted "with a sufficiently culpable state of mind"; and (2) an "objective component" that asked whether "the alleged wrongdoing was objectively harmful enough to establish a constitutional violation." *Id.* at 8 (cleaned up).

"[T]he subjective inquiry for excessive force claims 'turns on whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.'" *Bearchild v. Cobban*, 947 F.3d 1130, 1140 (9th Cir. 2020) (quoting *Hudson*, 503 U.S. at 6). "This standard necessarily involves a more culpable mental state than that required for excessive force claims arising under the Fourth Amendment's unreasonable seizures restriction." *Clement v. Gomez*, 298 F.3d 898, 903 (9th Cir. 2002). Therefore, a prisoner asserting an excessive force claim must show

MEMORANDUM DECISION AND ORDER - 4

"malicious and sadistic force, not merely objectively unreasonable force." *Id.* Because "corrections officials must make their decisions in haste, under pressure, and frequently without the luxury of a second chance," courts must afford prison staff "wide-ranging deference" in this analysis. *Bearchild*, 947 F.3d at 1140 (cleaned up).

In regard to the objective component, *Hudson* explained that not every "malevolent touch" by a correctional officer gives rise to an Eighth Amendment claim. *Hudson*, 503 U.S. at 9; *see also Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973) ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights."). Therefore, in addition to showing that prison officials used force maliciously and sadistically, a prisoner asserting an excessive force claim must "objectively show that he was deprived of something sufficiently serious." *Bearchild*, 947 F.3d at 1141.

A court considers five factors in analyzing whether the objective component has been met: "(1) the extent of injury suffered by an inmate; (2) the need for application of force; (3) the relationship between that need and the amount of force used; (4) the threat reasonably perceived by the responsible officials; and (5) any efforts made to temper the severity of a forceful response." *Furnace v. Sullivan*, 705 F.3d 1021, 1028 (9th Cir. 2013) (cleaned up). "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." *Hudson*, 503 U.S. at 9–10 (cleaned up).

MEMORANDUM DECISION AND ORDER - 5

Here, Stanger has not met the subjective requirement for an Eighth Amendment claim. Stanger has provided no evidence that the officials were acting in a malicious manner. The Defendants, on the other hand, have each testified that they did not take "any action to intentionally harm or injure" Stanger. Dkts. 30-4, at 2; 30-6, at 2; 30-11, at 2; 30-12, at 2. Furthermore, nothing about the Defendants actions in the video indicate they were acting in a malicious manner. The Defendants' use of force was brief, directed, and deescalated once Stanger was under control. The Defendants also acted in accordance with IDOC policies and procedures. As such, they were acting "in a good faith effort to maintain or restore discipline." *Whitley v. Albers*, 475 U.S. 312, 321 (1986).

Stanger's argument also fails to meet the objective requirement for an Eighth Amendment claim. While Stanger has claimed he suffered lasting damage, he has offered no evidence supporting this allegation, which is a "complete failure of proof." *Celotex Corp.*, 477 U.S. at 323. It is particularly noteworthy that after the incident, Stanger denied the need for medical care aside from his request that his blood sugar level be checked (a request that Nurse Lindsey granted). As Stanger was refusing to enter his cell, the Defendants appropriately used force to achieve compliance, as "maintaining institutional security and preserving internal order are essential goals" and legitimate interests of prison officials. *Willis v. Vasquez*, 648 Fed. App'x. 720, 723–24 (9th Cir. 2016) (cleaned up). Stanger claims he was not complying because he was having a diabetic episode. However, Stanger acted in a manner "atypical of an individual suffering from a diabetic episode," and the staff were not aware of Stanger's diabetic medical history. Dkt. 29, at 9. As such the threat of noncompliance he presented was reasonably perceived by the Defendants.

MEMORANDUM DECISION AND ORDER - 6

Furthermore, none of Stanger's fellow inmates claim to have warned the Defendants prior to or during the incident. *Id.* at 11. The Defendants also took efforts to temper the severity of their force by asking Stanger multiple times to "cell up." Dkt. 29, at 2. As explained above, the Defendants did not act in an overly severe manner, as Stanger was actively resisting, and the Defendants were not overbroad in the force used to restrain Stanger.

As Stanger's claim fails to meet the necessary requirements for an Eighth Amendment claim, there is no need for the Court to address the Defendants' qualified immunity defense. The Court GRANTS the Defendants' Motion for Summary Judgment.

## V. STANGER'S MOTION

Stanger filed a motion requesting summary judgment and, confusingly, also asked that the case "go to jury trial." Dkt. 38, at 2, 3. For the reasons explained above, the Court will DENY Stanger's request for judgment. However, Stanger's Motion also contained a request that the Court "view the video." *Id.* at 3, referring to Dkt. 30-3. The Court has done so and notes the video did not contain the proverbial smoking gun that Stanger hoped it would.[1] Accordingly, the Court GRANTS Stanger's Motion regarding his request that the Court review the video.

## VI. ORDER

The Court HEREBY ORDERS:

1. The Defendants' Second Motion for Summary Judgment (Dkt. 30) is

---

[1] The actions taken by the Defendants in the video match the declarations and other evidence provided to this Court.

GRANTED.

2. Stanger's Motion (Dkt. 38) is GRANTED in PART and DENIED in PART;

   a. It is GRANTED with respect to Stanger's request the Court review the video of the incident; and

   b. It is DENIED with respect to his request for judgment in his favor.

3. A Judgment in favor of the Defendants will be issued separately.

DATED: September 22, 2022

David C. Nye
Chief U.S. District Court Judge